UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FERNANDO MARTINEZ,

        Petitioner,

             v.                        CAUSE NO. 3:22-CV-845-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Fernando Martinez, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-19-11-78) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of synthetic identity deception in violation of Indiana Department of Correction Offense 100 and Ind. Code § 35-43-5-3.8. He was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Martinez argues that he is entitled to habeas relief because the Indiana legislature repealed Ind. Code § 35-43-5-3.8 prior to the date of the offense and that he cannot be found guilty in prison disciplinary proceedings under a repealed criminal statute. The conduct report charged Martinez with committing the offense on November 6, 2019. ECF 9-1. At that time, Ind. Code § 35-43-5-3.8 remained effective law. The Indiana legislature later repealed statute, effective July 1, 2021, but expressly noted that it did not intend the repeal to affect criminal proceedings that had commenced prior to the effective date. IN LEGIS 174-2021 (2021), 2021 Ind. Legis. Serv. P.L. 174-2021 (H.E.A.

1115) (WEST). Because Ind. Code § 35-43-5-3.8 remained good law until July 2021, the

claim that Martinez could not be found guilty under a repealed criminal statute is not a

basis for habeas relief.

Martinez argues that he is entitled to habeas relief because telephone records do

not reflect charges to the account associated with Inmate Starrett, No. 268215, and

because the telephone call at issue was a collect call.

> [T]he findings of a prison disciplinary board [need only] have the
> support of some evidence in the record. This is a lenient standard,
> requiring no more than a modicum of evidence. Even meager proof will
> suffice, so long as the record is not so devoid of evidence that the findings
> of the disciplinary board were without support or otherwise arbitrary.
> Although some evidence is not much, it still must point to the accused's
> guilt. It is not our province to assess the comparative weight of the
> evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is

sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784,

786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's

decision.").

Under departmental policy, Offense 100 is defined as "violation of any federal,

state, or local criminal law." ECF 9-1 at 1. At the time of the offense, under Indiana law,

it was a felony offense to knowingly use the synthetic identifying information of

another person with the intent to profess to be another person. Ind. Code § 35-43-5-

3.8(a)(3) (2019). Indiana law defined synthetic identifying information as "identifying

information that identifies a person other than the person who is using the

information." Ind. Code. § 35-43-5-1 (2019).

The administrative record contained a conduct report in which an investigator represented that he noticed a telephone call to a telephone number ending in 9089 initiated from N2 dormitory at 5:33 a.m. purportedly from Inmate Starrett. ECF 9-1. The investigator noted that Inmate Starrett did not have access to N2 dorm but an inmate who resided in N2 dormitory, Martinez, also had the telephone number ending in 9089 on his contact list. *Id.* The investigator matched Martinez's voice to the call. *Id.* According to the investigator, Martinez could have initiated this call only by entering Inmate Starrett's offender number and his PIN. *Id.* The investigator concluded that Martinez entered the identifying information of Inmate Starrett with the intent of using Inmate Starrett's funds to make the call. *Id.*

Martinez also submitted telephone call records indicating inmates are charged each time they initiate a call through the GTL system. ECF 1-1 at 2-3. These records span from 5:12 p.m. on November 6, 2019, to 5:33 a.m. on November 21, 2019, and do not include the entry for the telephone call at issue in the conduct report, which occurred at 5:33 a.m. on November 6, 2019. It is unclear from these records whether they omit the telephone call at issue or whether Martinez simply declined to provide the page of the records that included the telephone call entry.

At base, the conduct report constitutes some evidence that Martinez committed synthetic identity deception as defined by Ind. Code § 35-43-5-3.8(a)(3) (2019). While Martinez has provided telephone call records, it is unclear how these records relate to the telephone call at issue. Moreover, the administrative record did not include

telephone call records or any suggestion that the telephone call was a collect call. Therefore, this claim is not a basis for habeas relief.

Martinez argues that he is entitled to habeas relief because correctional staff did not allow him the opportunity to raise a defense, cross examine witnesses, confront his accuser, or to plead guilty or not guilty. The Warden responds that Martinez declined to request evidence at screening and declined to appear at the hearing. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

According to the screening report signed by Martinez, Martinez pled not guilty but declined to request witnesses or physical evidence. ECF 9-2. Further, the Supreme Court of the United States has determined that opportunities for cross-examination and the confrontation of accusers are not required in the context of prison disciplinary proceedings. *Wolff*, 418 U.S. at 567–68. Consequently, the claim that Martinez was not allowed to request evidence, cross-examine witnesses, confront his accusers, or plead guilty or not guilty is not a basis for habeas relief.

Nevertheless, the record is disputed as to whether Martinez had the opportunity to attend the hearing. The hearing report reflects that Martinez had the opportunity to speak at the hearing and that he declined to do so. ECF 9-4. The Warden also provides

4

an affidavit from the hearing officer attesting that the procedure for notifying inmates of the hearing was for the hearing officers to notify officers in the control room who notified officers in the dormitories who then provided passes to the inmates. ECF 9-11. The hearing officer attests that Martinez received a pass for the hearing on the date of the hearing. *Id.* The Warden further provides records indicating that Martinez received the pass and that he did not appear at the hearing. ECF 9-4; ECF 9-5; ECF 9-8. But, on administrative appeal, Martinez expressly stated that "[he] did not receive a pass nor was [he] called out for a hearing." ECF 9-6. Consequently, the court finds a genuine dispute of material fact exists regarding whether Martinez was denied the opportunity to attend the disciplinary hearing.

Consequently, the court must conduct an evidentiary hearing to determine whether Martinez was denied the opportunity to attend the disciplinary hearing. In preparation for that hearing, the court ORDERS Martinez and the Warden to separately prepare and file brief status reports, by **June 5, 2023**. The status reports must not exceed five pages (unless greater length is unavoidable) and must address: (1) what genuine issues of fact exist; (2) what discovery might be necessary, how it relates to the issues, and how long it would take to complete; (3) what witnesses and exhibits each party proposes to call or introduce; (4) how much time the evidentiary hearing is expected to require; and (5) what motions have been or are expected to be filed before the evidentiary hearing.

SO ORDERED on May 3, 2023

s/ Michael G. Gotsch, Sr.

5

_____
Michael G. Gotsch, Sr.
United States Magistrate Judge